J-A04035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
:

v.   :
:
:
:

EUGENE WARE   :
:

Appellant   :   No. 3763 EDA 2016

Appeal from the Judgment of Sentence September 28, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008035-2015

BEFORE: LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:        **FILED MARCH 07, 2019**

Appellant, Eugene Ware, appeals from aggregate judgment of sentence of five to ten years of confinement followed by five years of probation, which was imposed after his convictions at a stipulated bench trial for possession of a firearm as a prohibited person, carrying a firearm without a license, and carrying a firearm on a public street in Philadelphia.[1] Herein, Appellant challenges the weight of the evidence supporting his convictions. We affirm.

The facts underlying this appeal are as follows. Appellant was stopped by Philadelphia Police Officers Armendariz and Harper on April 16, 2015, for failure to properly use his turn signal. Appellant was driving a rented Chevy Impala in the 5900 block of Frankford Avenue in Northeast Philadelphia. The

---

[1] 18 Pa.C.S. §§ 6105, 6106, and 6018, respectively.

* Retired Senior Judge assigned to the Superior Court.

stop and investigation occurred at approximately 12:25 a.m. and resulted in the confiscation of a loaded, chambered and operable 40 caliber Smith & Wesson semi-automatic weapon. Trial Court Opinion, filed June 18, 2018, at 2.

The facts from the testimony at a suppression hearing at which Appellant sought to exclude the weapon were that as Officer Armendariz approached the driver's side of the vehicle, he observed Appellant making sudden movements toward the center console area of the vehicle, raising his suspicion that there might be a weapon there, and he instructed Appellant to keep his hands where the officer could see them and to provide his driver's license, registration, and insurance information. N.T., 7/13/2016, at 12, 14. After multiple requests, Appellant proffered documents and Officer Armendariz turned them over to Officer Harper, who returned to the police car to process them. *Id*. at 15. Observing that Appellant appeared to be nervous and was watching the rear and side view mirrors, Officer Harper exited the police car and approached the passenger side of the vehicle. *Id*. at 37-38. Officer Armendariz asked Appellant to step out of the vehicle and go to the rear of the vehicle with him. *Id*. at 19. Officer Harper walked back to the driver's side of the vehicle, where the door was open, and observed the butt of a gun tucked between the driver's seat and the center console; he recovered the gun and directed Officer Armendariz to handcuff Appellant. *Id.*

at 40-41. Appellant told the officers that he did not have a license to carry the gun. *Id*. at 41.

The trial court denied the motion to suppress, finding the testimony of both officers to be credible and consistent with one another, and finding explicitly that Officer Harper observed the gun in plain view. *Id*. at 60.

Appellant waived his right to a trial by jury and agreed to the incorporation of all relevant non-hearsay evidence introduced at the suppression hearing. Stipulated evidence included examination results regarding operability from a firearms expert concerning the confiscated weapon as well as documentation of Appellant's previous conviction, which triggered the prohibition of his ability to possess, transfer or carry a firearm within the Commonwealth of Pennsylvania. Appellant was found guilty of the aforementioned three offenses and sentenced, following hearing and oral argument. A Motion for Reconsideration of Sentence, filed on September 30, 2016, did not include a challenge to the weight of the evidence or a motion for a new trial and was denied without hearing on November 16, 2016. On November 21, 2016, this timely direct appeal was filed.[2]

The following issues have been presented for review:

    i.     Were the verdicts returned against the weight of the evidence because the Commonwealth presented internally inconsistent evidence as to whether or not the butt of the

---

[2] Appellant filed his statement of errors complained of on appeal on December 6, 2016. The trial court entered its opinion on June 18, 2018.

firearm was in plain view and in the absence of a beyond a reasonable doubt finding that it was in plain view both the suppression decision and the finding of guilt were predicated on nothing more than a guess which shocks one's sense of justice?

A. Does the contradictory testimony by the officers trigger a weight of the evidence claim that shocks one's sense of justice as to both the denial of the motion to suppress and the verdicts returned at trial?

Appellant's Brief at 8 (unnecessary capitalization omitted).

When considering challenges to the weight of the evidence, our standard of review is as follows.

The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of witnesses. Resolving contradictory testimony and questions of credibility are matters for the factfinder. It is well-settled that we cannot substitute our judgment for that of the trier of fact.

Moreover, when a trial court finds that the [verdict] is not against the weight of the evidence, we must give the gravest consideration to the trial court's conclusion because it is the trial court, and not the appellate court, that had the opportunity to see and hear the evidence presented. Furthermore, a defendant will only prevail on a challenge to the weight of the evidence when the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

*Commonwealth v. Cramer*, 195 A.3d 594, 600-01 (Pa. Super. 2018) (internal citations and quotation marks omitted).

Appellant argues that the officers' testimony is so contradictory that it cannot be established that the weapon was in plain view, hence the suppression motion should properly have been granted; without a weapon,

Appellant asserts he cannot have been convicted beyond a reasonable doubt of crimes involving its possession. Appellant's Br. at 10.

The Commonwealth asserts that Appellant failed to preserve his challenge to the weight of the evidence, since he filed neither a post-verdict objection nor a post sentence motion raising this challenge. Commonwealth Brief at 5. A challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa. R. Crim. P. 607. The Rule provides that a claim that the verdict was against the weight of the evidence shall be raised: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion. Pa. R. Crim. P. 607(A)(1)-(3). We agree. In the instant case, the docket reflects that Appellant, by his trial counsel, filed a post-sentence motion in the nature of a "Motion for Reconsideration of Sentence," requesting the vacating of the sentence, a remand and a modification of the sentence. Prior to the filing of a statement of matters complained of on appeal, Appellant took no steps to raise a claim that the verdict was against the weight of the evidence. A claim challenging the weight of the evidence generally cannot be raised for the first time in a Rule 1925(b) statement. **Commonwealth v. Sherwood**, 982 A.2d 483, 494 (Pa. 2009).

Moreover, even if Appellant had successfully preserved his challenge to the weight of the evidence, we find that it would merit no relief. Our review of the record shows that the evidence was not tenuous, vague or uncertain,

and the verdict was clearly not so contrary to the evidence as to shock the court's conscience. ***Commonwealth v. Cramer***, 195 A.3d at 601. The officers' testimony at the suppression hearing was simply not inconsistent or contradictory. Officer Armendariz did not testify that there was no weapon, but rather that he did not see the weapon, and testified that he was focused on Appellant's hands at the time he shined a flashlight into the vehicle. N.T. at 31. Officer Harper observed the weapon after Appellant stepped out of the vehicle. Moreover, even if the parallel testimonies could be viewed as inconsistent, the trial court was permitted, as factfinder, to believe all, part, or none of the evidence presented and to determine the credibility of the witnesses. ***Id.*** at 600.

We discern no abuse of discretion on the part of the trial court. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/7/19